UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| In Re: Brian D Gentry | Case No.: 10-31571<br>Judge: Susan V. Kelley<br>Chapter: Chapter 13 |

## NOTICE AND REQUEST TO MODIFY CHAPTER 13 PLAN

Geraci Law, LLC, Attorneys for the Debtor(s), have filed papers with the court requesting modification of the Chapter 13 Plan in the above case.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to modify the plan as proposed, or if you want the court to consider your views on the request, on or before 21 days from the date of this notice, you or your attorney must:

File with the court a written request for hearing which shall contain a short and plain statement of the factual and legal basis for the objection. File your written request at:

> Clerk, U.S. Bankruptcy Court
> 517 E. Wisconsin Ave., Rm. 126
> Milwaukee, WI 53202

If you mail your request or response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the parties listed below and on the attached mailing matrix:

Brent J. Berning
Geraci Law, LLC
2505 N. Mayfair Road, Suite 101
Wauwatosa, WI 53226
Phone: (414) 475-0100
Email: wal@geracilaw.com

Rec. No: 504565
Notice and Request to Modify Chapter 13 Plan

| | |
|---|---|
| United States Trustee<br>Eastern District of Wisconsin<br>517 East Wisconsin Avenue, Room 430<br>Milwaukee, WI 53202 | Thomas J. King<br>1012 W. 20th St., Box 3170<br>Oshkosh, WI 54903 |
| Geraci Law, LLC<br>Brent J. Berning<br>2505 N. Mayfair Rd. #101<br>Wauwatosa, WI 53226 | Brian D Gentry<br>4830 N. 73rd Street<br>Milwaukee, WI 53218 |

If you or your attorney do not take these steps, the court may decide that you do not oppose the request and may enter an order modifying the Plan.

## REQUEST TO MODIFY CHAPTER 13 PLAN

1. The Proponent of this modification is the Debtor(s), through their Attorneys, Geraci Law, LLC.

2. This is a request to modify a Chapter 13 Plan (Select A. or B.):

   A. _____ post-confirmation

   B. \_\_\_X\_\_\_ pre-confirmation (Select i. or ii.);

       i. \_\_\_\_\_ Debtor(s)/Debtor(s) attorney certifies that the proposed modification does not materially or adversely affect creditors (Local Bankruptcy Rule 3015(b)); or

       ii. \_\_X\_\_ Debtor(s)/Debtor(s) attorney certifies that the proposed modification materially adversely affects only the following creditors and a copy of the proposed modification has been served on them (Local Bankruptcy Rule 3015(b)). The creditors are (See Attached List).

3. The Proponent wishes to modify the Chapter 13 Plan to do the following: See Attached Plan.

4. The reason for the modification is to provide for all claims.

5. Select A. or B.

   A. _____ The Chapter 13 Plan confirmed or last modified on _____ (date) is modified as follows: (State the specific language of the modification.)

   B. __X____ The unconfirmed Chapter 13 Plan is modified as follows: (See Attached Plan).

   All remaining terms and provisions of the Plan are unaffected unless specifically addressed herein. In the event of a conflict between the original Plan and the modification set forth above, the latter shall supersede and control.

6. **BY SIGNING BELOW THE PROPONENT OF THE MODIFICATION CERTIFIES THAT, AFTER REVIEW OF THE MODFICATION AND ALL OTHER TERMS AND PROVISIONS OF THE PLAN, THOSE REMAINING TERMS AND PROVISIONS OF THE PLAN ARE CONSISTENT WITH THE PROPOSED MODIFICATIONS.**

WHEREFORE, the Proponent requests that the Court approve the modification to the Chapter 13 Plan as stated herein.

Respectfully submitted and dated this Wednesday, October 27, 2010.

By: */s/ Brent J. Berning*
Brent J. Berning
Attorney for Debtor
Bar #: 1068905

Brent J. Berning
Geraci Law, LLC
2505 N. Mayfair Road, Suite 101
Wauwatosa, WI 53226
Phone: (414) 475-0100
Fax: (312) 332-6354
Email: wal@geracilaw.com

Rec. No: 504565
Notice and Request to Modify Chapter 13 Plan

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | Case No.: | 10-31571 |
|  | Judge: | Susan V. Kelley |
|  | Chapter: | Chapter 13 |

**In Re: Brian D Gentry**

## CERTIFICATE OF SERVICE

The undersigned, an Attorney, does hereby certify that a copy of this Certificate of Service and a copy of the attached Notice and Request to Modify Chapter 13 Plan were mailed First Class to the persons mentioned below, at their respective addresses, postage prepaid, by U.S. Mail in Milwaukee, WI on Wednesday, October 27, 2010:

Brian Gentry                                    **SEE ATTACHED LIST**
4830 N. 73rd Street
Milwaukee, WI 53218


Additionally, the documents referenced above were also served via electronic means on the following individuals on Wednesday, October 27, 2010:

| United States Trustee | Thomas J. King |
|---|---|
| Eastern District of Wisconsin | 1012 W. 20th St., Box 3170 |
| 517 E. Wisconsin Ave. |  |
| Milwaukee, WI 53202 | Oshkosh, WI 54903 |


Dated this Wednesday, October 27, 2010.

By:   /s/  Brent J. Berning
Brent J. Berning
Attorney of the Debtor
Bar #: 1068905

Brent J. Berning
Geraci Law, LLC
2505 N. Mayfair Road, Suite 101
Wauwatosa, WI 53226
Phone:  (414) 475-0100
Fax:  (312) 332-6354
Email: wal@geracilaw.com

Rec. No: 504565
Notice and Request to Modify Chapter 13 Plan

Citifinancial
Attn: Bankruptcy Dept.
Po Box 499
Hanover, MD  21076

Legacy Bank
Attn: Bankruptcy Dept.
2102 W Fond Du Lac Ave
Milwaukee, WI  53206

Citimortgage
Attn: Bankruptcy Dept.
Po Box 9438
Gaithersburg, MD  20898

Equifax
Attn: Bankruptcy Dept.
PO Box 740241
Atlanta, GA  30374

Experian
Attn: Bankruptcy Dept.
PO Box 2002
Allen, TX  75013

Transunion
Attn: Bankruptcy Dept.
PO Box 1000
Chester, PA  19022

HSBC
Attn: Bankruptcy Dept.
Po Box 5253
Carol Stream, IL  60197

CitiMortgage
Bankruptcy Department
PO Box 9438
Gaithersburg, MD  20898

Brother Loan and Finance
Attn: Bankruptcy Dept.
2607 W Morgan Ave
Milwaukee, WI  53221

AAA Checkmate
Attn: Bankruptcy Dept.
3873 S 27th Street
Greenfield, WI  53221

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| In re: Brian Gentry | Chapter 13 |
|---|---|
| Debtor(s) | Case No. |

CHAPTER 13 PLAN

NOTICES

**NOTICE TO DEBTORS:** This plan is the model plan as it appears in the Appendix to the Local Rules of the Bankruptcy Court for the Eastern District of Wisconsin on the date this plan is filed. **THIS FORM PLAN MAY NOT BE ALTERED IN ANY WAY OTHER THAN WITH THE SPECIAL PROVISIONS IN SECTION 10.**

**[x] A check in this box indicates that the plan contains special provisions set out in Section 10 below.**

**NOTICE TO CREDITORS: YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. If you oppose any provision of this plan you must file a written objection. The time to file an objection will be in a separate notice. Confirmation of this Plan by the Court may modify your rights. You may receive less than the full amount of your claim and/or a lesser interest rate on your claim.

**You must file a proof of claim in order to be paid under this Plan. Payments distributed by the Trustee are subject to the availability of funds.**

THE PLAN

Debtor or Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

**1. Submission of Income.**

[✓] Debtor's annual income is above the median for the State of Wisconsin.
[ ] Debtor's annual income is below the median for the State of Wisconsin.

(A). Debtor submits all or such portion of future earnings or other future income to the Chapter 13 Trustee (hereinafter "Trustee") as is necessary for the execution of this Plan.

(B). Tax Refunds (Check One):

[ ] Debtor is required to turn over to the Trustee 50% of all net federal and state income tax refunds received during the term of the plan.

[✓] Debtor will retain any net federal and state tax refunds received during the term of the plan.

**2. Plan Payments and Length of Plan.** Debtor shall pay the total amount of $41,545 by paying *See special provisions* per month to Trustee by [✓] Periodic Payroll Deduction(s) or by [ ] Direct Payment(s) for the period of _____ months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

**3. Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Creditors may file a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

The following applies in this Plan:

1

CHECK A BOX FOR EACH CATEGORY TO INDICATE WHETHER THE PLAN OR THE PROOF OF CLAIM CONTROLS:

|   | Plan Controls | Proof of Claim Controls |
|---|---|---|
| A. Amount of Debt | [ ] | [✓] |
| B. Amount of Arrearage | [ ] | [✓] |
| C. Replacement Value - Collateral | [✓] | [ ] |
| D. Interest Rate - Secured Claims | [✓] | [ ] |

**FAILURE TO CHECK A BOX UNDER A CATEGORY IN THIS SECTION WILL MEAN THAT A PROPERLY FILED PROOF OF CLAIM WILL CONTROL FOR THE CORRESPONDING SUB-PARAGRAPH OF THE PLAN.**

**4. Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

**(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

**(B). Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $ 3,000. The amount of $ 450 was paid prior to the filing of the case. The balance of $ 2,550 will be paid through the plan. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

**Total Administrative Claims: $ 5043**

**5. Priority Claims.**

    **(A). Domestic Support Obligations (DSO).**

        [✓] If checked, Debtor does not have any anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit.

        [ ] If checked, Debtor has anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). A DSO assigned to a governmental unit might not be paid in full. 11 U.S.C. 507(a)(1)(B) and 1322(a)(2).

| (a) DSO Creditor Name and Address | (b) Estimated Arrearage Claim | (c) Total Paid Through Plan |
|---|---|---|
| 1. | $ | $ |
| 2. | $ | $ |
| **Totals** | $ 0 | $ 0 |

**(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan.

| (a) Creditor | (b) Estimated Claim |
|---|---|
|  |  |
|  |  |
| Totals | $ 0 |

**Total Priority Claims to be paid through plan: $ 0**

2

Case 10-31571-svk    Doc 15    Filed 10/27/10    Page 7 of 12

**6. Secured Claims.** The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.

**(A). Claims Secured by Personal Property.**

[ ] If checked, The Debtor does not have claims secured by personal property which debtor intends to retain. Skip to 7(B).

[✓] If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(i). **Adequate protection payments.** Creditor must file a proof of claim to receive adequate protection payments. Upon confirmation the treatment of secured claims will be governed by Paragraph (ii) below. The Trustee shall make the following monthly adequate protection payments to creditors pursuant to 1326(a)(1)(C):

| (a) Creditor | (b) Collateral | (c) Monthly Adequate Protection Payment |
|---|---|---|
| Legacy Bank | 2002 Ford Explorer | $93 |
|  |  |  |
|  | Total monthly adequate protection payments: | $ 93 |

(ii). **Post-confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

(a). **Secured Claims - Full Payment of Debt Required.**

[ ] If checked, the Debtor has no secured claims which require full payment of the underlying debt. Skip to (b).

[✓] If checked, the Debtor has secured claims which require full payment of the underlying debt. Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; **OR**, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See 1325(a)(5). After confirmation the Trustee will pay the monthly payment in column (f).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| Legacy Bank | 02 Ford Explo | 02/8 | $ 2,206 | 5.25 | $ 97 | $ 2,328 |
|  |  |  | $ |  | $ | $ |
| TOTALS |  |  | $ 2,206 |  | $ 97 | $ 2,328 |

(b). **Secured Claims - Replacement Value.**

[✓] If checked, the Debtor has no secured claims which may be reduced to replacement value. Skip to (B).

3

[ ] If checked, the Debtor has secured claims which may be reduced to replacement value. The amount of the debt or the replacement value assigned to the property is in column (d).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value/Debt | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| | | | $ | | $ | $ |
| | | | $ | | $ | $ |
| TOTALS | | | $ 0 | | $ 0 | $ 0 |

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.**

(i) [ ] If checked, the Debtor does not have any claims secured by real property that Debtor intends to retain. Skip to (C).

[✓] If checked, the Debtor has claims secured by Real Property that Debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| (a) Creditor | (b) Property description |
|---|---|
| Citimortgage | 4830 N 73rd Milwaukee, WI |
| | |

(ii)

[✓] If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor will cure through the Plan. Trustee may pay each allowed arrearage claim the estimated monthly payment indicated in column (d) until paid in full.

| (a) Creditor | (b) Property | (c) Estimated Arrearage Claim | (d) Estimated Monthly Payment | (e) Estimated Total Paid Through Plan |
|---|---|---|---|---|
| 1. Citimortgage | 4830 N 73rd Milwaukee, WI | $ 14,825 | $ | $ 14,825 |
| 2. | | $ | $ | $ |
| TOTALS | | $ 14,825 | $ 0 | $ 14,825 |

**Total Secured Claims to Be Paid Through the Plan: $ 17,153**

**(C). Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim be treated as satisfied in full by the surrender of the collateral.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| | |
| | |

4

**7. Unsecured Claims.**

**(A).** Debtor estimates that the total of general unsecured debt not separately classified in paragraph (b) below is $ 18,994____. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ 18,994 or ___100_%, whichever is greater.

**(B).** Special classes of unsecured claims:_____

**Total Unsecured Claims to Be Paid Through the Plan:** $ 18,994

**8. Executory Contracts and Unexpired Leases.**

[✓] If checked, the Debtor does not have any executory contracts and/or unexpired leases.

[ ] If checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors after confirmation.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Estimated arrearage claim | (d) Estimated monthly payment |
|---|---|---|---|
| | | | |
| | | Totals | |

All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

**9. Property of the Estate.** Property of the estate shall revest in Debtor (Check one):
    [✓] Upon Confirmation; or
    [ ] Upon Discharge.

**10. Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

---
Section 4 (B) - Debtor's Attorneys Fees:

Section 5 - Domestic Support Obligations:

Section 6 - Secured Claims:

Section 7 - Unsecured Claims:

Section 8 - Executory Contracts-Unexpired Leases:

Other Special Provisions: Debtors shall pay not less than 100% to general unsecured creditors.

---

[✓] Special provisions continue to overflow page.

**11. Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

**12. Modification.** Debtor may file a pre-confirmation modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Debtor certifies that said modification is not materially adverse to said creditors.

5

Date: Oct 22, 2010                          _____
                                             Debtor

_____              _____
Attorney      Brent Berning                  Joint Debtor
State Bar No. 1068905
Firm Name     Geraci Law LLC
Firm Address  55 E. Monroe #3400 Chicago, IL 60603
Phone         1.312.332.1800
Fax           1.877.247.1960
E-mail        wal@geracilaw.com

**Special provisions overflow page:**

1. Debtor will pay $280 per month for the first 11 months. The plan payment will increase after 11 months due to Debtor's child support obligation ending. After 11 months, debtor will pay $785 per month for an additional 49 months, for a total of $41,545.